UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**PAUL F. TURNBULL,**                                       Chapter 13
    Debtor                                              Case No. 10-13529-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of: (1) the Motion by Tenants' Development Corporation, Managing Agent for Tenants' Development II, Limited Partnership for Relief from the Automatic Stay (the "Motion") in which the movant ("TDC"), as the managing agent for the owner of a subsidized housing development including the premises located at 401 Massachusetts Avenue, Apartment #3, Boston, Massachusetts (the "premises") seeks relief from the stay pursuant to 11 U.S.C. §§ 362(d) and 365 [sic] to (a) pursue an action in the Boston Housing Court to recover possession of the premises from the Chapter 13 Debtor, Paul F. Turnbull ("the Debtor"), and (b) pursue all remedies and claims against him, including claims for unpaid postpetition use and occupancy resulting from his alleged breach of an Occupancy Agreement dated June 24, 2004 by and among Cornu Management Company, Inc., as agents for Tenants' Development II, Limited Partnership, the owner of the premises, and the Debtor and his roommate Tai

1

Hua, as tenants (the "Lease")[1]; (2) the Debtor's Opposition to the Motion; (3) the hearing conducted with respect to the Motion on June 3, 2010 and the representations and arguments of counsel made at the hearing; (4) the agreed statement of facts and briefs filed by the parties on June 30, 2010, as well as the above referenced pleadings, in which the parties agree that: (a) pursuant to the terms of the Lease and the rules and regulations applicable to the subsidy program for the premises, the Debtor was required, on an annual and interim basis, to certify his income and any changes to that income to TDC; (b) at the time he executed the Lease, the Debtor's income consisted solely of his Supplemental Security Income (SSI), due to his mental health disability; (c) beginning in 2005, after securing a part time job at Stop and Shop, the Debtor failed to accurately report his Stop and Shop income on four HUD-50059 forms executed by him; (d) the Debtor did not correct the certification until 2009 and, as a result, the Debtor and Mr. Hua wrongfully received rental assistance to which they were not entitled in the amount of $8,546.00; (e) the Lease was terminated by TDC following the expiration of the 30 day Notice to Quit served by TDC on January 26, 2010; and (f) the Debtor is currently a tenant at sufferance at the premises under Massachusetts law[2]; (5) the Court's Order dated July 22, 2010 extending the automatic stay pending determination of the Motion; (6) TDC's failure to file a proof of claim by the bar date in this case of August 19, 2010; (7) the Debtor's timely filing of a surrogate proof of claim pursuant to Fed. R. Bankr. P. 3004 on behalf of TDC on September 16, 2010 in which the Debtor set

---

[1] The Debtor listed Mr. Hua on his Schedule H – Codebtors, as a codebtor with respect to the Debtor's obligations under the Lease.
[2] *See* Debtor's brief at p. 5, n. 1.

2

forth a general unsecured claim for rental arrears owed to TDC in the amount of $8,546.20 (the "TDC Claim"), which is the sole proof of claim filed in this case; (8) the Debtor's Chapter 13 Plan, filed on April 13, 2010, through which the Debtor provides for payment in full of the TDC claim over a term of sixty (60) months; (9) the decision of the United States Court of Appeals for the First Circuit in Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26 (1st Cir. 1994), the Court finds that TDC has established a colorable claim to relief from the automatic stay to pursue its action in the Boston Housing Court for the purpose of determining the propriety of the Lease termination and to seek possession of the premises from the Debtor and to pursue all remedies and claims against him for unpaid postpetition use and occupancy of the premises, subject to any and all affirmative defenses the Debtor may have.  TDC may not, however, pursue the Debtor or property of his bankruptcy estate for any prepetition monetary claims it may have against the Debtor without further order of this Court.  To the extent that TDC disputes the amount of the TDC Claim, as filed by the Debtor, TDC shall file an appropriate objection to that claim and the matter shall be resolved by this Court through the claims objection process.  To the extent that TDC seeks relief from the automatic stay to pursue any of its rights against Mr. Hua relating to the Lease, it shall file a motion for relief from the codebtor stay in this Court.  See 11 U.S.C. § 1301.  The Debtor shall file a status report as to the proceedings in the Boston Housing Court

within sixty (60) days of the date of this Order or upon disposition of the action by the

Housing Court, whichever is sooner.

By the Court,

Joan N. Feeney<br>United States Bankruptcy Judge

Dated: October 5, 2010
cc: Emily Jarrell, Esq., Michael J. Louis, Esq., Carolyn Bankowski, Esq.